## City of Centralia v. Thomas A. Wright.

1. WATERWORKS—*Power of Cities and Villages to Erect.*—Under the provisions of Par. 175 and 176, Ch. 24, R. S., a city has power to establish waterworks, to acquire and hold the necessary land for the same by condemnation or otherwise, and to construct thereon, in a proper manner, suitable structures and reservoirs for the purpose of collecting and holding a supply of water for the use of the inhabitants, subject, however, to the provisions of Art. 2, Sec. 13, of the Constitution, providing that private property shall not be taken or damaged for public use, without just compensation.

2. SAME—*Permanent Structures—Damages.*—Where a city erects a dam as a part of a system of waterworks, being of a permanent character, to be maintained as a permanent structure for a proper public use, a person whose property is damaged thereby, may recover in one suit all the damages, present and prospective, necessarily resulting to him from its erection.

3. DAMAGES—*For the Erection of Structures.*—Where a structure is lawfully erected, if permanent in its character and properly constructed, and a suit is brought to recover damages by reason of the erection of such structure, one recovery will be for all future actions for the same cause; but where the construction is faulty and imperfect, the rule does not apply.

4. SAME—*Imperfect Structures.*—A structure, faulty and imperfect, may properly be deemed a nuisance and presumed to be permanent and for the continuance of which successive suits may be maintained as often as an injury is thereby occasioned.

5. SAME—*Action for, When it Does Not Pass by Deed.*—Where structures are permanent in their form and character, and the injury occasioned to the adjoining property is a loss to the owner for which he has a cause of action, and which does not pass by his deed, he alone, and not his grantee, can maintain an action for the injury and resulting damage.

6. SAME—*Present and Future Permanent Structures.*—Where an injury to real estate is permanent in its nature, and not of a temporary

character, the owner may recover not only for the present, but also for future damages, as for depreciation in the value caused by the erection of an obstruction or nuisance, and such recovery will be a bar to any other suits for damages growing out of the continuance of the cause of injury.

7. NUISANCES—*Damages and When They Accrue.*—Where the original nuisance to land is of a permanent character so that damages thereby inflicted are permanent, a recovery not only may, but must be, had for all the entire damage in one suit, and such damages accrue from the time the nuisance is created.

8. MEASURE OF DAMAGES—*From Public Structures.*—The depreciation in the market value of land arising from a permanent injury thereto caused by the erection of a structure, is a proper measure of damages to the owner.

**Action for Damages** resulting from the erection of a dam. Appeal from the Circuit Court of Marion County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Declaration in case; pleas of the general issue and statute of limitations; trial by the court; finding and judgment for plaintiff; appeal by defendant; submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

### STATEMENT OF THE CASE.

This suit was brought by appellee against appellant for constructing a dam across a stream and thereby stopping the flow of water in its natural course and backing it up upon appellee's land, damaging said land as a pasture and for farming purposes; also destroying a ford across the stream, by which appellee had obtained convenient access to the land. The cause was tried by the court and a finding for plaintiff and judgment thereon for $250 damages resulted.

The material contentions on behalf of appellant are, first, that plaintiff could recover such damages only as had accrued up to the commencement of the suit, because the structure causing the injury was not of a permanent character, nor the injuries thereby inflicted of a permanent nature; second, that excessive damages were assessed, even upon the theory the cause of injury was permanent and inflicted a permanent injury upon plaintiff by lessening the value of his land.

Appellant leased from the Illinois Central Railroad Company, for twenty years, the property upon which this dam was erected, for the purpose of providing water works to

furnish the railroad company an increased supply of water for its use, and the people of the city with an adequate supply of water at all times, for the use of the public. To this end, and as a necessary part of the public improvement contemplated, appellant constructed the dam in question to a height within four feet of the top of the banks of the stream, which at that point were about twelve feet high. This dam was constructed in a proper manner, of stone and masonry, entirely across the stream and into each bank thereof, the ends being protected by rip-rap or broken stone. It was a permanent structure and evidently intended to be so maintained as a part of the system of water supply.

SAMUEL L. DWIGHT and FRANK F. NOLEMAN, attorneys for appellant.

APPELLEE'S BRIEF, W. F. BUNDY, ATTORNEY.

Appellant had the statutory right, for the purpose of establishing water works, to acquire and hold the necessary land by purchase, condemnation or otherwise, and construct thereon, in a proper manner, a dam for the purpose of forming a reservoir for such water works. Starr & Curtis, Ch. 24, 508.

Private property shall not be taken or damaged for public use without just compensation. Const., Art. 2, Sec. 13.

All special damages, present and prospective, to the owner of lands, resulting or to result from the proper construction of permanent works of a public nature by a person or persons vested with the legal authority for the purpose of constructing such works, should be recovered in one action. C. & A. R. R. Co. v. Maher, 91 Ill. 312; Rigney v. City of Chicago, 102 Ill. 64; Chicago & W. I. R. R. Co. v. Ayres, 106 Ill. 511; Chicago & E. R. R. Co. v. Loeb, 118 Ill. 203; W. St. L. & P. R. R. Co. v. McDougal, 118 Ill. 229; Chicago & E. I. R. R. Co. v. McAuley, 121 Ill. 160; Ohio & M. R. R. Co. v. Wachter, 123 Ill. 440; K. & S. R. R. Co. v. Horan, 131 Ill. 288; Schlitz Brewing Co. v. Compton, 142 Ill. 511; Am. & Eng. Ency. Law, Vol. 5, p. 20; Lewis, Eminent Domain, Sec. 265; 3 Suth. Dam. 403.

If a private structure or other work on land is the cause of a nuisance or other tort to the owner, the law will not regard it as permanent, and damages can therefore be recovered only to the date of the action. But in the case of permanent injuries caused by lawful public structures properly constructed and permanent in their character, damages may be allowed for the whole injuries, past and prospective. Schlitz Brewing Co. v. Compton, 142 Ill. 511.

The proper measure of damages in such cases is the depreciation in the value of the land caused by such permanent injury. K. & S. R. R. Co. v. Horan, 131 Ill. 288, and cases cited.

An injury may be permanent in the sense used in the issue without continuing forever. Bassett v. Johnson, 2 N. J. Eq. 155, cited in Am. & Eng. Ency. Law, Vol. 18, page 333 (note).

Lessee of a railroad company is liable for permanent injuries to property caused by the construction and operation of the road. Railroad Co. v. Hamilton, 40 Ohio St. 496; 14 Am. & Eng. R. R. cases, 126, cited in Am. & Eng. Ency. Law, Vol. 19, 899 (note).

Works constructed and maintained in pursuance of lawful authority are to be regarded in law as permanent structures. This is not so because it is certain that they will continue to exist in their present condition forever, or that they are not liable to be changed, but it is because there is a legal right to maintain them perpetually. K. & S. R. R. Co. v. Horan, 131 Ill. 301.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Under the provisions of Par. 175 and 176, Ch. 24, Starr & Curtis' Rev. Stat., page 508, the city of Centralia was empowered to establish and maintain water works, to acquire and hold the necessary land for that purpose by purchase, condemnation, or otherwise, and construct thereon, in a proper manner, a suitable and sufficient dam across this creek for the purpose of collecting water into a reservoir, to hold a supply of water for the use of the public, subject,

City of Centralia v. Wright.

however, to the provisions of Art. 2, Sec. 13, Const. 1870, providing that private property shall not be taken or damaged for public use, without just compensation. This dam, then, having been properly constructed, and being of a permanent character, to be maintained as a permanent structure, for a proper public use, appellee was entitled to recover in this one suit all the damage, present and prospective, necessarily resulting to him from its erection.

Where a structure is lawfully erected, if permanent in its character, and properly constructed, and a suit is brought to recover damages by reason of the erection of such structure, one recovery will bar all future actions for the same cause. Where the construction is faulty and imperfect, the rule does not apply. A structure so negligently erected may properly be deemed a nuisance, which may be presumed not to be permanent, and for the continuance of which, successive suits may be maintained, as often as an injury is thereby occasioned. C., B. & Q. R. R. Co. v. Schaffer, 26 Ill. App. Rep. 280.

Where the evidence tends to show that certain works built by a railroad company were permanent in their form and character, and that the injury thereby occasioned to the adjoining property was a loss to the then owner, for which he then had a cause of action, which did not pass to the plaintiff by his deed from said owner, the latter alone, and not his grantee, can maintain an action for the injury and resulting damage so occasioned. C. & A. R. R. Co. v. Calkins, 17 Ill. App. 55; Chicago v. Altgeld, 33 Ill. 23. Where an injury to real property is permanent in its nature, and not of a temporary character, the owner may recover, not only for the present, but also for future damages, as for depreciation in the value of the property, caused by the erection of an obstruction or nuisance, and such a recovery will be a bar to any other suits for damages, growing out of the continuance of the cause of injury, and the grantee of such owner can not maintain an action for such continuance. C. & A. R. R. Co. v. Maher, 91 Ill. 312; W., St. L. & P. Ry. Co. v. McDougal, 118 Ill. 229.

Where the original nuisance to land is of a permanent character, so that the damages thereby inflicted are permanent, a recovery not only may, but must be had for the entire damages in one suit, and such damages accrue from the time the nuisance is created. C. & E. I. R. R. Co. v. McAuley, 121 Ill. 160; K. & S. R. R. Co. v. Horan, 131 Ill. 288; C. & A. R. R. Co. v. Henneberry, N. E. Rep. Dec. 28, 1894, p. 1043.

Having found the facts to be that the dam was lawfully and properly constructed and permanent in its character, and a necessary part of a permanent public improvement, and was a permanent injury to appellee when it was built by appellant, by depreciating the market and rental value of his land, we reach the conclusion, fortified by the foregoing authorities, that appellee had the right in one action to recover all the damages for the injury so occasioned.

The damages assessed were not excessive, but quite moderate. The depreciation in the market value of land, arising from a permanent injury thereto, is a proper measure of damages to the owner. K. & S. R. R. Co. v. Horan, *supra*.

Appellant insists that the court erred in holding certain propositions to be the law, as requested on behalf of plaintiff, and in refusing to so hold certain propositions on behalf of defendant. We perceive no error in this regard. The law as held by the court, under the evidence, was in harmony with the decisions cited, and the refused propositions were in conflict therewith. Some other reasons are urged for reversal, but an examination of the record satisfies us they are without merit. The judgment is affirmed.