## City of Pinckneyville v. Riley Hutchings.

63    137
63    140

1. DAMAGES—*Lands Taken for Water Works—Recovery a Bar.*—The owner of lands taken by a city for the construction of a dam, designed as a part of a permanent system of water works, is entitled to recover in one suit all his damages up to the fair market value of the land, present and prospective, necessarily resulting from its use, and such recovery will bar all future actions for the same cause.

**Trespass on the Case.**—Damages for lands taken, etc. Appeal from the Circuit Court of Perry County: the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

C. R. HAWKINS and J. K. P. RAGLAND, attorneys for appellant.

I. R. SPILMAN, attorney for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This action in case was brought by appellee to recover from appellant damages to his land, caused by a dam built at a point below said land, across a creek flowing through it, causing water to flow onto his land and stand thereon, and lessen it in value, and destroying and preventing the use of a quarry thereon, which dam and obstruction, it is averred, appellant kept and continued, and now designs to continue, as a part of the system of water works for the use of said city of Pinckneyville and its inhabitants.

Appellant filed its plea of not guilty. The cause was tried, the jury found for the plaintiff and assessed his damages at $137.50. Appellant's motion for a new trial was overruled, and judgment was entered for the damages assessed and costs. To reverse the judgment this appeal was taken.

It is claimed by appellant that only damages for the past injuries to the land and use thereof could be recovered, and that the trial court erred in instructing the jury that the dam in question is to be regarded as a permanent structure, and therefore all damages to the fair market value of plaintiff's land, if any, must be determined in this suit, and this suit will be a bar to all other suits for damages from the cause complained of in this suit.

The cause complained of was the building of a permanent dam by the defendant, which it has kept up and continued to the time of commencing the suit, and designs to continue as a part of the system of public water works for said city.

The city was empowered by "Pars. 175, 176, Chap. 24, S. & C. Rev. Stat.," to acquire and hold the necessary land, and establish and maintain water works thereon, and construct thereon a suitable and sufficient dam to collect and hold water for the use of the city and its inhabitants, sub-

ject to the provisions of " Article 2, Sec. 13, Const. of 1870," which provides that private property shall not be taken or damaged for public use, without just compensation.

This dam, then, having been properly constructed, and by lawful authority, and to be maintained permanently for a proper public use, appellee was entitled to recover in this one suit, all the damages, to a fair market value, of his land, present and prospective, necessarily resulting from its construction, and one recovery will bar all future actions for the same cause. Hence the construction complained of was not erroneous.

The same question was presented to this court in the case of City of Centralia v. Wright, 58 Ill. App. 51, and we there held, as we do in this case, under like facts substantially, that the plaintiff had the right to recover damages, present and prospective, arising from the construction of a dam by the city, as a part of the system of public water works.

At the instance of the city, we granted an appeal from our judgment in that case to the Supreme Court, and it decided the rule adopted by, and decision of this court, was right, and affirmed our judgment. City of Centralia v. Wright, 156 Ill. 561.

We will not lengthen this opinion by citing authorities fortifying it. They will be found in the opinions in 58 Ill. App., and 156 Ill. 561. We think the judgment is right, and the same is affirmed.