### Illinois Central Railroad Company v. Reola Lockard.

1. DAM—*liability for construction of.* Where a railroad company having the legal right so to do constructs a dam adjacent to private property, using reasonable care and skill, such dam does not constitute a nuisance which may be abated, and an injury resulting to such property must be treated as permanent in character.

2. DAM—*liability for construction of.* It is true that, notwithstanding the lawful right to erect and maintain all such structures, just compensation must be paid to private owners of property thereby injured; but such injuries are permanent and can be recovered for but

·once. The right so to recover accrues to those who own the land or hold the damageable interest therein at the time the cause of the injury is created, and the measure of damages in such a case is the depreciation in the market value.

3. INJURY TO LAND—*nature of action for.* The right of action in such a case is not appurtenant to the land and does not run therewith; it is a personal right, not transferable, and does not pass to a subsequent grantee of the owner.

4. INJURY TO LAND—*when, deemed permanent.* Where the structure causing the injury to land is permanent in character, the injury can never be classed and dealt with as transient, unless the structure was erected or maintained without lawful right or has been put to an unlawful or improper use, or unless it was constructed so unskillfully or negligently that the injury complained of resulted, not from the fact of the existence of the structure, but from the manner of its construction.

Action on the case to recover damages caused by alleged backing up and standing of water against plaintiff's premises. Appeal from the Circuit Court of Jackson County: the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the August term, 1903. Reversed. Opinion filed March 10, 1904.

W. W. BARR, for appellant; J. M. DICKINSON, of counsel.

W. F. ELLIS and A. L. SPILLER, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Jackson County, by appellee against appellant, to recover damages caused by the "backing up" and standing of water on appellee's land. Trial by jury. Verdict and judgment in favor of appellee.

The declaration alleges in effect, that appellee was the owner in fee of two certain tracts of land, one of thirty-seven acres, and one of two acres, and that she was in possession of the same; that these lands were well adapted to, and were used for the growing of crops, and the cultivation of a pear orchard; that during each of the years 1897, 1898, 1899 and 1900, her premises, crops and pear trees were greatly injured, by water backing up and standing on the land; that the water was caused to back up and stand on the land by reason of the wrongful and unlawful

building and maintaining by appellant of a dam on its right of way, and by its wrongful and unlawful building and maintaining of abutments and pillars on its right of way.

Appellee bought the land in question, December 11, 1896, and she claims $500 as damages to her crops and pear trees for the year 1897; $500 for the year 1898; $500 for the year 1899, and $400 for the year 1900. She also claims that she sustained other damages during these four years; damages to the improvements on the land and damages to the soil, by reason of the water standing on it, and damages by reason of inconvenience in passing to and from the land, and damages in the loss of rents and profits, to the amount of $3,000.

The dam complained of was completed in the year 1893, and the abutments and pillars were constructed in 1896. These structures were erected before appellee bought the land; were fully authorized by appellant's charter; were lawfully and rightfully made; were erected, maintained and used for proper railroad purposes; are permanent in their character, and there is no evidence tending to prove that they were not constructed and maintained with reasonable skill and care.

Injuries of the character complained of here are classed as permanent or transient, according to the facts of the particular case. We recently had under consideration in this court, the case of I. C. R. R. Co. v. Ferrell, reported in 108 Ill. App. 659. It was a case in some of its features much like the case at bar. We there held in effect, that where a railroad company is authorized by its charter to construct and maintain its road, and in doing so erects its structures with reasonable skill and care, for proper railroad uses, they are not a nuisance that can be lawfully abated, although adjacent property may be thereby damaged. Such structures are neither wrongfully nor unlawfully made or maintained, but rightfully and lawfully, for the public good, and injuries resulting therefrom must be treated as permanent injuries.

It is true that notwithstanding the lawful right to erect and maintain all such structures, still, just compensation must be paid to owners of property thereby injured; but such injuries are permanent, for which but one recovery can be had. The right to recover accrues to those who own the land or hold damageable interest therein at the time the cause of the injury is created, and the measure of damages in such case is the decreased value of the property, *i. e.*, the depreciation in market value. The right of action for such damages is not appurtenant to the land and does not adhere to or run with the land. It is a personal right, and not transferable. It does not pass to a subsequent grantee of the owner. In addition to the case above referred to, the following cases are directly in point : North Shore Street Ry. Co. v. Payne, 192 Ill. 239; Galt v. C. & N. W. Ry. Co., 157 Ill. 125; City of Centralia v. Wright, 156 Ill. 561; C. & E. I. R. R. Co. v. McAuley, 121 Ill. 160; C. & E. I. R. R. Co. v. Loeb; 118 Ill. 203; C. & A. R. R. Co. v. Maher, 91 Ill. 312; I. C. R. R. Co. v. Allen, 39 Ill. 205; City of Centralia v. Wright, 58 Ill. App. 51; C. & A. R. R. Co. v. Calkins, 17 Ill. App. 55; City of Elgin v. Welch, 16 Ill. App. 483.

Counsel for appellee contend, in effect, that for injuries of the character claimed here, there may be any number of successive recoveries, as instances of overflow may occur during all time to come, if the structures complained of so long remain, and that the right to recover accrues and will continue to accrue to any one who may sustain injury at any time, without reference to who owned the land at the time the cause of the injury was created. Counsel's position applies only to cases where the injury may be properly classed as transient. Until the facts of a particular case have fixed its class, it is vicious to assume that there can be recurring instances of damages, or that a subsequent purchaser can sustain injury by the construction or maintenance of such structures, because if the injury is permanent it can occur but once, and a subsequent purchaser has had full compensation for that in the smaller price he has been

able to purchase the property for. The case at bar furnishes an apt illustration of the soundness of this rule. After the cause of the alleged injuries was created and the right to recover the full depreciation in the value of the land caused thereby, had accrued to her grantor, appellee bought the thirty-seven acre tract, the one upon which it is claimed substantially all the damages contended for occurred, for $500, and now claims that appellant should pay her $4,900 damages for the four years she has owned it, with the right to sue and recover for each succeeding year as time goes on.

Where the structure causing the injury is permanent in character, the injury can never be classed and dealt with as transient, unless the structure was erected or maintained without lawful right, or has been put to an unlawful or improper use, or unless it was constructed so unskillfully or negligently that the injury complained of resulted, not from the fact of the existence of the structure but from the manner of its construction.

Counsel cite two Supreme Court opinions and a number of Appellate Court cases, which they insist support their contention, but it will be found upon critical examination that they each and all contain facts classifying the injuries therein complained of as transient. None of them is inconsistent with or militate against our views as hereinabove expressed. In connection with discussions as to the right to maintain successive actions, we occasionally meet the expression "continuing injury." This means no more than that the case involves a transient injury, where the cause of such injury has been wrongfully allowed to continue.

Counsel for appellee appeal to the court and say, the court will surely not hold that adjacent land owners who may be injured and damaged, cannot recover. Certainly not, but the same law that requires the court to adjudge that just compensation shall be paid to those who own land at the time it was injured, forbids that the compensation due to such owners should be adjudged to be paid to another. And the same law of common justice that requires the one

who causes such injury and damages, though lawfully done and for the public good, to pay just compensation once, protects him, when he is without fault, from liability to pay more than once.

The judgment of the Circuit Court is reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

That the injury complained of was a permanent injury and not transient, and that the right of recovery accrued, if at all, to appellee's grantor and not to appellee. The court further finds that the structures which it is claimed by appellee caused the injuries and damages complained of, were lawfully erected and maintained for proper railroad uses, and that appellant was not guilty of any negligence or want of skill in connection with the construction or maintaining of them, and that appellee acquired title to, and possession of, the premises alleged to have been injured and damaged, after said structures were erected.