## Fred M. Pool, Appellant, v. Coal Belt Electric Railway Company, Appellee.

1. EMINENT DOMAIN—*what recovery limited upon change of construction of road bed.* If the original construction of a road bed was rightful the damages on account thereof accrued to the then owner of the property, and if after a change of construction in the road bed is made a change of title to the property has occurred, the new owner is restricted in his recovery to the damages occasioned to the property by such change.

2. EMINENT DOMAIN—*how question of damage arising from construction of road bed determined.* Both the company and the owner are entitled to such benefits as may accrue to the property in question from the general increase in real estate values and the owner's damages must properly be determined from the conditions, in regard to the

value of property and otherwise, existing at the time the injuries occurred.

3. INSTRUCTIONS—*when cannot be complained of.* It is not permitted to a party to complain that the court has adopted the views of the law declared in instructions offered by him.

Action in case. Appeal from the Circuit Court of Williamson county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

WILLIAM W. CLEMENS, W. F. SLATER and GEORGE W. DOWELL, for appellant.

WILLIAM H. WARDER and L. O. WHITNEL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant began this suit against appellee, on April 23, 1909, to recover damages to lots 8, 9 and 12 in block 2 of Stotlar's first addition to the city of Herrin, Illinois, the charge in the declaration being, that appellee constructed, graded and equipped a certain line of railway track, along and near appellant's said property and in doing so, wilfully and wrongfully erected an elevated grade near the same, for its railway line, thereby inflicting certain injuries upon said premises. Appellant obtained a verdict and judgment in his favor, for $200.

Park avenue in said city runs north and south and Ash street east and west. The lots in question were at the northwest corner of the intersection of said streets, being on the west side of Park avenue and north side of Ash street. Each lot had a frontage of twenty-five feet on Park avenue and extended back one hundred feet. In 1902 appellee built its track along Park avenue in front of these lots, coming from the north, until it reached Ash street, then turning west on Ash street south of lot No. 12, the corner lot. The track was elevated about 18 inches above the surface of the ground, for a distance of about 200 feet north from the corner. In the fall of 1907, appellee's road bed was altered

and raised in front of appellant's property on Park avenue, to about three feet four inches above the surrounding level and extended in width until it occupied a space of from 16 to 18 feet. Park avenue was 100 feet wide and from a point 300 to 400 feet north of said corner sloped slightly to the south and west. Opposite the middle of lot 9, there was a tile under the roadbed, which carried the water from the east to the west side of appellee's tracks and passed thence through a wooden box or culvert across the street into an open ditch, which carried it down to Ash street. It appears that when the track was elevated, a larger tile was placed under it at the point named and that more water came through it which overflowed and otherwise injured appellant's premises to a greater extent than they had been injured before.

Appellant became the owner of lots 9 and 12 December 26, 1902, after the original construction of defendant's road bed, and of lot 8 on March 14, 1904. At the time appellant purchased the lots, they were unimproved, but he subsequently improved the same by grading them and erecting a two story house and other buildings thereon. Some three or four months after this suit was brought, appellant sold lot No. 8. The original road bed and the alteration and elevation of the same all appear to have been constructed under proper ordinances of the city.

Appellant complains that the court erred in excluding certain evidence, offered by him and in passing upon the instructions.

His main objection to the action of the court in regard to the exclusion of evidence, is that the court refused to permit him to introduce evidence to show damages to the property in question, between the time he bought the lots and the elevation of the road bed.

The principle involved in this objection was considered by this court in the case of I. C. Railroad v. Lockard, 112 Ill. App. 423. The opinion in that case referred to the case of I. C. R. R. Co. v. Ferrell, 108 Ill. App. 659, saying, "We there held in effect that where a railroad company is author-

ized by its charter to construct and maintain its road, and in doing so erects its structures with reasonable skill and care, for proper railroad uses, they are not a nuisance that can be lawfully abated, although adjacent property may be thereby damaged. Such structures are neither wrongfully nor unlawfully made or maintained, but rightfully and lawfully, for the public good, and injuries resulting therefrom must be treated as permanent injuries. It is true that notwithstanding the lawful right to erect and maintain all such structures, still, just compensation must be paid to owners of property thereby injured; but such injuries are permanent, for which but one recovery can be had. The right to recover accrues to those who own the land or hold damageable interest therein at the time the cause of the injury is created, and the measure of damages in such case is the decreased value of the property, i. e., the depreciation in market value. The right of action for such damages is not appurtenant to the land and does not adhere to or run with the land. It is a personal right, and not transferable. It does not pass to a subsequent grantee of the owner."

This opinion cites a number of cases in support of the doctrine stated, and we have quoted at length from the same, because it seemed to us to dispose of two of the most important points involved in this case. Appellee's railroad embankment as originally erected was rightfully made and lawfully maintained. It appears from the evidence to have been constructed with reasonable skill and care for the purposes for which it was intended and must be considered as permanent. The right to recover damages for its construction, therefore, accrued at once when the structure was erected. Appellant did not acquire this property until after the construction of the original embankment, and was therefore limited in his right of recovery to injuries caused by the change subsequently made in the road bed. The court properly excluded all evidence of damages to appellant's property, occasioned by the original construction of the road bed, as it existed at the time he purchased the property.

Appellant further complains that the court erred in ad-

mitting evidence, showing there had been a rapid increase in the value of real property in Herrin in the last few years from causes wholly independent of the construction and operation ·of appellee's railroad, on the ground that appellant would be as much entitled to the benefit of the same as though such increase had been made by expensive improvements placed on the property by him. We do not think this position taken by appellant is well founded. Both appellant and appellee were entitled to such benefit as might accrue from the general increase in real estate values, and appellant's damages must properly be determined from the conditions, in regard to the value of property and otherwise, existing at the time the injuries occurred.

Appellant also complains that an instruction offered by him, which authorized the jury to consider injuries to the property occasioned by the original construction of appellee's road, was refused by the court.

For the reasons above given in reference to the admission of evidence, we are of opinion that said instruction included an improper · element of damages and was properly refused. There could have been no error however, in refusing the same, for the further reason that appellant also offered an instruction which was given by the court, stating that if the jury found he purchased the lots after the original construction of the railroad, then he could not recover damages to the property occasioned by such original construction, even though the jury might believe that such original construction interfered with and obstructed the natural drainage of appellant's property. It is not permitted to a party to complain that the court has adopted the views of the law declared in instructions offered by him. C. & A. R. R. Co. v. Harrington, 192 Ill. 9; I. C. R. R. Co. v. Anderson, 184 id. 294.

The court, however, refused to permit appellant to introduce evidence as to injury to lot No. 8 by the elevation of appellee's road bed, on the ground that appellant had parted with title to the same before the trial. As we have above seen, the right of action for such damages, if any, as were

occasioned to appellant's property by the elevation of the track, accrued at the time such work was done and he had a right to bring suit and, if damages were proven, recover for the same.  Said lot No. 8 was not parted with by appellant until after the elevation of the track and therefore, according to the authority of I. C. R. R. Co. v. Lockard, *supra,* the right of action was a personal right not transferable and did not pass to a subsequent grantee of the owner.  It was an established right of appellant and, if he could make proper proof, he was entitled to recover for the same in this suit.

For the error of the court below in refusing to permit appellant to make proof of damages to said lot No. 8 occasioned by the elevation of appellee's railroad track, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*