THE CHICAGO NORTH SHORE STREET RAILWAY CO.

*v.*

HONORA A. PAYNE.

*Opinion filed October 24, 1901.*

1. STREET RAILWAYS—*power house erected in pursuance of law is a permanent structure.* A power house erected by a street railway company in pursuance of lawful authority, for the uses of its road, is a permanent structure.

2. PLEADING—*when a declaration authorizes recovery for permanent injury to property.* A declaration alleging injury to the value of a dwelling house and the market value of the premises, in connection with averments of the establishment and operation of a power house as a permanent structure, is sufficient to authorize a recovery for permanent injury, and hence an additional count charging permanent injury in terms does not state a new cause of action.

3. DAMAGES—*when compensation must be made under the constitution.* Under the present constitution compensation is required in all cases of damage to property, where, but for legislative authority to do the act, an action would lie at common law.

4. SAME—*liability of street railway company for erection of power house.* The construction and operation of a power house by a street railway company upon its own property, if done in a reasonably skillful manner, do not constitute a nuisance which may be abated; but the company is liable to the owner of adjoining property in an action on the case for damages resulting from the establishment and operation of the power house, without any charge of negligence.

5. SAME—*rule as to damage from the erection of permanent structure.* If a suit is not for negligent or improper construction or operation, but is for damages accruing from the erection of a structure of a permanent character, all damages, in law, accrue when the cause of injury is created, and the recovery must be for the whole damage, of which depreciation in market value is the measure.

6. APPEALS AND ERRORS—*party cannot take advantage of error committed at his instance.* If a party induces the court to propound an improper special interrogatory to the jury, he cannot take advantage of the error by claiming that the answer showed that the jury included improper elements of damage in making up their verdict.

7. SAME—*party cannot complain of the modification of questions which should have been refused.* A party cannot complain of the court's modification of his special interrogatories, which related to questions which were not in issue and which should have been refused.

*Chicago North Shore St. Ry. Co.* v. *Payne,* 94 Ill. App. 466, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

GRAHAM H. HARRIS, (W. W. GURLEY, and JOHN A. ROSE, of counsel,) for appellant:

For injuries occasioned by the use or by the building of lawful structures the plaintiff must recover in one suit for all damages, past, present and future. *Railway Co.* v. *Darke*, 148 Ill. 226; *Railroad Co.* v. *Loeb*, 118 id. 203; *Gault* v. *Railway Co.* 157 id. 125; *Railroad Co.* v. *McAuley*, 121 id. 160; *Railway Co.* v. *Wachter*, 123 id. 440; *Centralia* v. *Wright*, 156 id. 561; *Railroad Co.* v. *Schaffer*, 124 id. 112; *Railway Co.* v. *Horan*, 131 id. 288; *Langfeldt* v. *McGrath*, 33 Ill. App. 158; *Insurance Co.* v. *Heiss*, 141 Ill. 35.

Since the constitution of 1870 has been adopted, a property owner whose premises have been damaged by a lawful railroad or its structures, permanent in their nature and constructed and operated in a careful and proper manner, not only may, but must, recover all damages to his premises, past, present and future, in one action. *Railroad Co.* v. *McAuley*, 121 Ill. 160; *Railroad Co.* v. *Loeb*, 118 id. 203; *Insurance Co.* v. *Heiss*, 141 id. 35.

Such action to recover for permanent injuries must be brought within five years from the action and beginning of operations, when the cause of action accrues. *Railroad Co.* v. *McAuley*, 121 Ill. 160; *Railroad Co.* v. *Loeb*, 118 id. 203.

For injuries occasioned by structures of a private nature as contradistinguished from those of a public character, the plaintiff can only recover for injuries up to the time of suit brought. He cannot recover for permanent injuries occasioned by structures of this character. In such cases, whether the injury is of a temporary or a permanent character, the plaintiff can only recover damages up to the beginning of the suit. He is not permitted to treat the nuisance as permanent, and recover all his dam-

ages, past, present and future, in one action.  *Cooper* v. *Randall*, 59 Ill. 317; *Schlitz Brewing Co.* v. *Compton*, 142 id. 511.

The rule as to the measure of damages in cases of private structures is, that the plaintiff can only recover damages accruing up to the beginning of the suit.  *Wolf* v. *Electric Co.* 60 Ohio Dec. 159; *Fairbank Co.* v. *Nicolai*, 167 Ill. 242; *Railway Co.* v. *Pattison*, 67 Ill. App. 351; *Gempp* v. *Bassham*, 60 id. 84; *Baker* v. *Leka*, 48 id. 353; *Railroad Co.* v. *O'Connor*, 60 N. W. Rep. 326; *Bailey* v. *Heintz*, 71 Ill. App. 189; *Denver* v. *Bayer*, 7 Col. 113.

The additional count introduced a new cause of action and a new element of damage, and is barred by five years' limitation.  *Railroad Co.* v. *Jones*, 149 Ill. 361; *Railway Co.* v. *Leach*, 182 id. 359; *Baker* v. *Railroad Co.* 34 Mo. App. 98; *Railway Co.* v. *Schaffer*, 124 Ill. 112; Wood on Limitations, (1st ed.) sec. 179; *Ivery* v. *Ownes*, 28 Ala. 641; *Railway Co.* v. *Thompson*, 15 S. W. Rep. 174; *Outhouse* v. *Outhouse*, 13 Hun, 130.

JULIUS & LESSING ROSENTHAL, and JAMES JAY SHERIDAN, (LESSING ROSENTHAL, of counsel,) for appellee:

The Statute of Limitations does not apply, because the additional count of the declaration is but a re-statement of the cause of action averred in the original count, and a mere re-statement by way of amendment is not such introduction of new matter as to make it obnoxious to the statute.  *Swift & Co.* v. *Foster*, 163 Ill. 50; *Mitchell* v. *Milholland*, 106 id. 175; *Swift & Co.* v. *Madden*, 165 id. 41.

The nuisance complained of is permanent in its character, and entire damages are recoverable in one action. *Hyde Park Light Co.* v. *Porter*, 167 Ill. 276; 64 Ill. App. 153; *Centralia* v. *Wright*, 156 Ill. 561; *Schlitz Brewing Co.* v. *Compton*, 142 id. 511.

The fact that the defendant company was engaged in a public or *quasi* public undertaking, under authority of law, would not absolve it from its liability for all injuries to the property of others.  *Centralia* v. *Wright*, 156 Ill. 561;

*Railroad Co.* v. *Fifth Baptist Church,* 108 U. S. 317; *Bohan* v. *Gas Light Co.* 122 N. Y. 18.

A special finding upon a mere evidentiary fact, whatever it may be, is not controlling, and cannot be said to be, in any legal sense, inconsistent with the general verdict. *Railway Co.* v. *Raymond,* 148 Ill. 241; *Railroad Co.* v. *Eggmann,* 159 id. 550; *Stein* v. *Railway Co.* 41 Ill. App. 38; *Judy* v. *Sterrett,* 153 Ill. 94; 52 Ill. App. 265; *Railroad Co.* v. *Morain,* 140 Ill. 117.

The gist of the action was the operation of the power house in such a manner as to injure the plaintiff, and the question of negligence is not in issue. *Bohan* v. *Gas Light Co.* 122 N. Y. 18.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Branch Appellate Court for the First District affirmed a judgment for $2000 recovered by appellee in the circuit court of Cook county, against appellant, in an action on the case for damages sustained through the erection and operation by appellant, on premises adjoining appellee's dwelling house, of an electric power house for the operation of its railroad.

The power house was erected in 1893 and defendant commenced to operate it on June 10 of that year. The suit was commenced in June, 1894, and the declaration contained one count. At the trial on December 6, 1899, by leave of court an additional count was filed, to which the defendant pleaded the Statute of Limitations of five years. The court sustained a demurrer to the plea, and the defendant excepted and elected to stand by the plea. The sustaining of the demurrer to the additional count is assigned as error, and it is insisted that the count set up a new cause of action more than five years after it arose, by averring a permanent injury to the plaintiff's premises from the establishment and operation of the power house.

The original declaration alleged that plaintiff was possessed of the lot and dwelling house thereon; that defendant erected and operated the power house, with its engines, dynamos and machinery, causing vibrations and loud and offensive noises in such operation, and from the pulling in and out of cars, and diffusing in and upon and through the dwelling house and premises dirty and offensive smoke, annoying and incommoding plaintiff and her family, servants, lodgers and tenants in the possession, use and occupation of her said house and premises; that she lost many lodgers and tenants and was prevented from procuring others, and would thereafter lose many tenants and lodgers and be prevented from procuring others; that the ceilings and walls of her said house were cracked and pieces fell off, and that the value of the dwelling house, as well as the market value and rental value of her premises, was impaired, diminished, lessened and reduced by means of said grievances so complained of. The additional count, to which the plea of the Statute of Limitations was interposed, was substantially the same as the original declaration, except that it alleged that the value of the dwelling house and the market value of the premises were "permanently" impaired and diminished. The power house described in the original declaration, in its nature and use in furnishing power and pulling in and out cars in connection with defendant's railroad, was a permanent structure, which it could not be assumed from the declaration would be changed. It was apparently a permanent structure, although the defendant might change its location if it should see fit. (*City of Centralia* v. *Wright,* 156 Ill. 561.) Such structures of a railroad company, erected in pursuance of lawful authority for the uses of its road, are permanent structures. (*Kankakee and Seneca Railroad Co.* v. *Horan,* 131 Ill. 288.) The defendant, acting within its charter, had a legal right to maintain its power house at that place, and plaintiff had no lawful right to interfere

or compel a change. In such a case, in legal contempla-
tion all damages which will be sustained as the effect of
the act are sustained immediately, and the measure of
damages is the depreciation in market value. The alle-
gation of injury to the market value was an allegation
of permanent injury. Depreciation in market value is
not the measure of damages for a temporary injury which
may be removed or abated. (*Fairbank Co.* v. *Nicolai*, 167
Ill. 242.) The declaration alleged injury to the value of
the dwelling house and the market value of the premises
in connection with averments of the establishment and
operation of the power house as a permanent structure,
and this was all that was necessary to authorize a recov-
ery of all the damages. The declaration, when first filed,
being sufficient to authorize a recovery as for a perma-
nent injury, the new count did not set up a new cause of
action, and the demurrer to the plea was properly sus-
tained.

The next alleged error relied upon is, that the court
erred in admitting evidence of permanent injury to plain-
tiff's property. Counsel say that she could only recover
damages on proof that the power house was improperly
constructed, either as to location or mode of construc-
tion, or was negligently operated, or that its erection or
maintenance was the exercise of the power of eminent
domain; that there was neither pleading nor evidence of
improper construction or negligent operation, and that
she could not recover for a permanent injury, because the
power house was not built under the power of eminent
domain.

Counsel are correct in saying that there was no charge
of improper construction or negligent operation, and no
evidence of either. Plaintiff sued for damages resulting
from the establishment and operation of the power house
adjoining her premises, without any charge of negligence.

It is contended that as defendant did not condemn the
land, but bought it and built the power house, it was

not exercising the power of the State to take or damage private property for public use. In illustration of their argument counsel say, if the power house had been built by the president of the road as an individual, and he had operated it and sold the power to the defendant, the constitutional provision that private property should not be damaged for public use without just compensation could have no application because he could not exercise the power of eminent domain, and that the act of the defendant was of the same character and in a private capacity. The inquiry in this case is an immaterial one, since the plaintiff was suing only for damages. If the president or some other individual had built the power house and operated it himself and sold the power to defendant, the use would have been a private one but the thing would have been a nuisance and the owner of it liable as an individual. A private nuisance is "anything done to the hurt or annoyance of the lands, tenements or hereditaments of another." (3 Blackstone's Com. 215.) An actionable nuisance is "anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights." (Cooley on Torts, 565.) The establishment and operation of the power house as alleged and proved, impairing the comfortable enjoyment of plaintiff's premises, would be a nuisance at common law, for which the defendant, if a private individual, would be responsible. (Addison on Torts, sec. 217; Cooley on Torts, 600.) The only difference would be, that if the damage is not caused by a public use there might be a different remedy. At common law the power house and the business carried on adjoining the dwelling house of the plaintiff would be such a nuisance as could be remedied by an action on the case for damages, or, perhaps, by an injunction against its continuance. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Darke,* 148 Ill. 226.) If, however, the erection and maintenance of the power house were things which the defendant's charter authorized it to do in the operation

of its road, and they were performed in a reasonably skillful and proper manner, although of such a character as to injure and annoy plaintiff as the adjacent property owner, they would not constitute a nuisance and could not be abated as such; nevertheless, the defendant would be liable for the damages to the same extent and under the same rules as though the power house were a nuisance. Under the constitution of 1848, if there was no actual physical interference with property and the work was done without negligence, the charter of a railroad company was a protection against merely consequent injuries. Under that constitution the law afforded no remedy for such damages as plaintiff sued for. (*Chicago and Eastern Illinois Railroad Co.* v. *Loeb*, 118 Ill. 203.) The present constitution requires compensation in all cases where, but for legislative authority to do the act, an action would lie at the common law. (*Rigney* v. *City of Chicago*, 102 Ill. 64.) The charter of the defendant does not, under the present constitution, take away from plaintiff the right to recover for the noise, jarring, smoke and disturbance resulting from the power house. If the power house was built and operated by authority of the charter it cannot be held a nuisance, but the liability of defendant in this suit is in no way affected by that circumstance. While, in such case, the plaintiff could not sue as for a nuisance, the right of compensation is guaranteed by the constitution and may be enforced in an action on the case. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Darke, supra.*) Plaintiff's suit was only for such damages as she could recover whether the erection of the power house was for a public or private use, and if the defendant has any preference as to whether its liability arose from a public or private use the plaintiff would not be affected.

Where an injury is temporary in character and of a transient nature, resulting from successive acts, the recovery can ordinarily be had only for damages to the

commencement of the suit, and every new act gives rise to a new cause of action. A continuance of injurious acts of a transient character constitutes a new nuisance. (*Cooper* v. *Randall*, 59 Ill. 317; *Schlitz Brewing Co.* v. *Compton*, 142 id. 511.) So, also, if a structure is erected by legislative authority and damages result from negligent or improper construction, the party injuréd is not bound to assume that the imperfect structure will be permanent and he may bring successive actions for resulting damages. The remedy for negligent or improper construction is to hold the party responsible for all damages resulting therefrom until the cause of damage is removed by a proper construction. (*Ohio and Mississippi Railway Co.* v. *Wachter*, 123 Ill. 440; *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer*, 124 id. 112.) Where the suit is not for negligent or improper construction or operation, and is for damages accruing from a construction of a permanent character, all damages, in law, accrue when the cause of the injury is created, and the recovery must be for the whole damage, of which depreciation in market value is the measure. (*Chicago and Eastern Illinois Railroad Co.* v. *Loeb, supra; Chicago and Eastern Illinois Railroad Co.* v. *McAuley*, 121 Ill. 160; *Penn Mutual Life Ins. Co.* v. *Heiss*, 141 id. 35; *Hyde Park Light Co.* v. *Porter*, 167 id. 276; 8 Am. & Eng. Ency. of Law,—2d ed.—684.) In this case, the damages, in contemplation of law, were sustained when the power house was established and its operation commenced. The evidence of permanent injury and damage was properly admitted.

Defendant asked the court to instruct the jury that if the plaintiff was damaged by the careless operation of the power house there could be no recovery for any damage arising therefrom after the commencement of the suit. The court refused to give the instruction. The question of careless or negligent operation was not in issue in the case, and was neither presented by the evidence nor the pleadings. Plaintiff was not asking for

any damages for careless operation, and the instruction was properly refused as not pertinent to any issue.

The court propounded to the jury, at the instance of the defendant, the following question for a special finding: "Had the plaintiff been damaged, at the time of the commencement of this suit, by the operation of the defendant's power house, and if so, in what respect and in what amount?" The question should not have been submitted. It was a mere attempt to have the jury state the means by which they arrived at their verdict, by stating the elements of damages included and the amount thereof. It is claimed that the answer of the jury showed that they added to the depreciation in value of the property the discomfort and annoyance of plaintiff, which were necessarily included in the depreciation in value; but as the question was not a proper one the defendant can have no advantage from the error of the court in giving it. The amount stated in the answer corresponds with the general verdict, and as to the elements, it may be fairly understood, not as doubling the damages, but as giving the causes of it.

The court also modified other special interrogatories asked by defendant and gave them to the jury. None of them related to any ultimate fact, and all were designed to have the jury state whether the damages arose through defective construction or careless operation of the power house. Those questions were not in issue in any way, and there was neither claim nor evidence on that subject. They should have been refused, and the modifications did no harm.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*