**William H. Hart, Appellee, v. Wabash Southern Railway Company, Appellant.**

1. Injuries to real property—*measure of damages in actions for*. In actions for damages based upon negligence in the construction or maintenance of a permanent improvement the evidence is directed and limited to damage sustained prior to commencement of the suit, and recurring damage thereafter, from the same or like cause, will be ground for another action; but in actions for injuries to property caused by a proper and legally authorized construction, which may not be abated as a nuisance but is to remain permanently, there can be but one recovery, and the measure of damages in such case is the depreciation of value in the land affected.

2. Instructions—*when cannot be complained of*. A party cannot complain of an instruction which contains a vice common to an instruction asked by himself.

Action in case. Appeal from the Circuit Court of Franklin county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

W. S. CANTRELL and FORMAN & WHITNEL, for appellant.

W. H. WILLIAMS and WALTER W. WILLIAMS, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action in case brought by appellee against appellant to recover damages to real property alleged to have been caused by the construction of a railroad on premises adjoining that of appellee. In substance the first count of the declaration alleges that the plaintiff was the owner and in possession of certain lots of land (describing them) of the value of $5,000; that the defendant purchased certain other lots (describing them) immediately adjoining the plaintiff's premises on the north and erected upon its said premises and across said lots, in direction east and west, a permanent railroad bed of dirt to the height of six feet above the original surface of the ground; that the defendant also excavated a permanent ditch six feet deep and ten feet wide on the side the whole length of its lots adjoining the plaintiff's lots; and also that the defendant threw up permanently the roadbed of the street on the west side of plaintiff's property to the height of six feet and threw up permanently the road-bed of Main street, which is on the east side of plaintiff's property; "by means whereof the lots of said plaintiff were made a reservoir and the natural drainage of said lots intercepted and prevented, and the said reservoir filled with water and the health of plaintiff and his family endangered and the buildings thereon rendered useless and the

said lots of the plaintiff injured and rendered value-
less, to the damage of $4,000,'' etc. .

The second count charges the defendant with wil-
fulness and wantonness in obstructing the natural
waterflow, but as there is no evidence in support of
this count, nor argument of appellee of right to re-
cover thereon, it will not be considered. The defend-
ant filed a plea of not guilty. The case was tried by
a jury, which returned a verdict for the plaintiff,
assessing damages at $1,400. A motion for new trial
and in arrest of judgment were successively made
and overruled, whereupon the court rendered judg-
ment on the verdict, and the defendant appealed.
Numerous errors were assigned, but assuming that
only those relied upon are discussed in argument, our
consideration of the record will be so limited.

It is first contended by counsel, that the court erred
in its rulings upon the admisison of evidence relating
to damages. Over appellant's objections witnesses
were permitted to testify to a depreciation of the mar-
ket value of the premises in controversy by reason of
the railroad construction, the estimate of deprecia-
tion in value ranging from $1,200 to $3,000. It is in-
sisted by appellant that depreciation in market value
caused by the embankment is not the true measure of
damages in this case, and therefore that the admission
of such evidence was erroneous and prejudicial. It is
said in argument that the embankment and ditch com-
plained of being upon the appellant's land, it had the
right to appropriate it to any lawful purpose without
being subjected to liability for consequential deprecia-
tion in market value of appellee's land. In further
statement of his proposition counsel adds: ''that the
appellee can only recover, if at all, for injury occa-
sioned to his property by outside elements being com-
municated thereto or held thereon by the embankment
and ditch.'' If we understand counsel's completed or
qualified proposition, it is to the effect, that appellee
was entitled to prove and recover any damages occa-

sioned by water, "an outside element, accumulated or held upon his land by reason of the ditch and embankment constructed by appellant." Applying the proposition to the issues in this case, the question is, what is complained of, what is damaged? From the argument of both sides we incline to think there is not a clear apprehension of the issues or discrimination between actions brought by the owner or reversioner of real estate for permanent consequential damages growing out of legally and properly constructed improvements, and that other class of cases, similar in form of allegation, wherein the injury is transient or recurrent, the damage being occasioned by negligence in the construction or proper maintenance of a legal and permanent improvement. The rule as to the measure of damage is not the same in the two classes of cases. In actions for damages based upon negligence in the construction or maintenance of a permanent improvement the evidence is directed and limited to damage sustained prior to commencement of the suit, and recurring damage thereafter, from the same or like cause, will be ground for another action. But in actions for injuries to property caused by a proper and legally authorized construction, which may not be abated as a nuisance, but is to remain permanently, there can be but one recovery, and the measure of damages in such case is the depreciation of value in the land affected. Damages thus adjudicated and paid, the defendant will have acquired by purchase his right to maintain the structure as it was when suit was brought without liability to plaintiff, his heirs or assigns forever. The principle and rule to be applied in such case is given with citation of authority in I. C. R. R. v. Lockard, 112 Ill. App. 423, in which we said: "It is true that notwithstanding the lawful right to erect and maintain all such structures, still, just compensation must be paid to owners of property thereby injured; but such injuries are permanent for which one recovery can be had. The right to recover ac-

crues to those who own the land or hold damageable interest therein at the time the cause of injury is created, and the measure of damages in such case is the decreased value of the property, i. e., the depreciation in market value.'' See, also, opinion in the case of I. C. R. R. v. Ferrell, 108 Ill. App. 659.

The sufficiency of the declaration was not challenged by demurrer. By pleading over the appellant waived all irregularities and informality of statement. After verdict we are only to inquire with liberal intendment, whether or not a cause of action within the evidence has been stated. This declaration we think is quite sufficient, certainly after verdict, under which to recover damages for permanent injury to the plaintiff's property, and to admit evidence of the true measure of damages in such case, that is, evidence of depreciation in the market value of the property as affected by the ditches and embankment complained of. To determine the effect of the embankment upon the plaintiff's property it was necessary and proper to prove the obstruction of natural drainage and the overflow of water as a resulting permanent condition or consequence from a permanent, though rightful construction of the embankment and ditches. These were evidently facts of a permanent injury and depreciation in the market value of the property. All the witnesses for appellee, so far as we have observed or been directed, were duly qualified to testify and give their judgment or estimate upon the basis of market value and did so testify. In every instance, by cross-examination, appellant was rightly permitted to sound the witnesses as to elements entering into their estimates of damage, so as to exclude any allowance merely because of the proximity of the road and its embankments and ditches to the plaintiff's premises. In a sense, it is true, as insisted by counsel, that appellee could recover only for damages from overflow, for the reason that the only damage claimed, alleged or proven, was caused by the overflow under

conditions brought about by the act of appellant—a damage to the market value. No other element of damage was introduced and as we have already indicated, there appears to have been some confusion or misapprehension in the minds of counsel as to the real issue in the case upon the question of damages. Nevertheless the case was tried and the jury instructed upon substantially the correct theory as to the law. Some of appellee's given instructions were subject to criticism because they do not direct the jury as to the proper measure of damages, and in one instruction, the right of recovery is predicated upon the defective manner of construction, viz.: that proper sluiceways and culverts were not provided, a fact which, if proven, has only a collateral bearing upon the questions at issue. The want of sluiceways, which the law required, might be shown in mitigation of the damages to which the appellee could claim in this action, for it may be inferred that, sooner or later, they will be provided. However, the appellant is in no position to complain of this error, for the reason, that it requested an instruction of like purport, which was given. In this connection it may be said that the injury to the property, the damage, was to be determined upon the assumption that the obstruction complained of was to be permanently maintained as it then stood in its completed condition. If appellant wanted to profit by changes or improvements contemplated, such as tiling, culverts, or other construction to remove the cause of injury, a stipulation to make such improvements could have been filed and entered of record. Thereby it would have been obliged to make the improvement and would have been relieved of liability in this suit for want of them. The defect or omission in appellee's instructions in not properly directing and limiting the jury in their estimate of damage is corrected and supplied, inferentially at least, by a number of appellant's given instructions. After a careful consideration of the whole record we

are of opinion that there was no reversible error to which we have been directed in argument, and that under the evidence, which includes personal inspection of the property by the jury, we cannot say that the damages are excessive. The judgment therefore will be affirmed.

*Affirmed.*