Martin Gaiser, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

1. MEASURE OF DAMAGES—*for injuries arising from the building of structures which result in injuriously affecting other property.* In this case the authorities are reviewed by the court and the various measures of damages as decided in such authorities are pointed out.

2. NUISANCES—*what may be regarded as permanent.* A dam constructed by a railroad company of earth and riprapped for the purpose of holding water in a stream, which results in flooding the lands of another, may, in the absence of any testimony that it was

not to be permanent, properly be regarded as a permanent structure and negligently constructed, and the injured party may elect to treat it as permanent and sue for all damages past, present and future.

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

W. F. BUNDY and NOLEMAN & SMITH, for appellant; J. A. CONNELL, of counsel.

JONAS & HALEY, L. B. SKIPPER and KAGY & VANDERVORT, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellee's declaration containing three counts alleged in substance he was possessed of tracts of land adjoining on both sides a natural watercourse known as Crooked Creek; that appellant's right of way extended along immediately west of and adjoining said land; that appellant had built and maintained a dam or embankment across the bed of said creek upon its premises, and below said land without any opening to permit the free passage of water and causing it to remain upon the lands in large quantities; that prior to the erection of the dam the lands had been of great value for agriculture and stock raising purposes but that said premises had become by reason of the building of the dam swampy, wet and unfit for such purpose or other valuable purpose; that by reason of raising water in the bed of the creek upon appellee's lands that portion of the lands lying across said creek from the main part of the farm was inaccessible and the lands lying contiguous to the stream were flooded a large part of the year. There was evidence tending to prove that the erection by appellant of the dam resulted in making the lands affected swampy and less fit for agricultural purposes and in raising the bed of

the creek so that much of the time the creek was not fordable, making seventeen acres of the land lying across the creek from the main farm inaccessible. The evidence showed the dam to have been built across the creek for the purpose of holding the water back so as to form a reservoir for appellant's use.

It was constructed in 1904 of earth and afterwards strengthened by planks and riprapping and was about five feet high. The banks of the creek were from three to four feet higher than the top of the dam. The dam was a structure illegally and improperly constructed as to owners whose lands were flooded thereby. Railroad companies intersecting watercourses are bound to restore them to such a state as not to unnecessarily impair their usefulness, and appellant had no authority either at common law or by statute to construct the dam whereby the waters of the creek were obstructed. O. & M. Rwy. v. Thillman, 143 Ill. 127; C. B. & Q. Ry. Co. v. The People, 212 id. 103.

The main errors assigned and urged in the argument are that the court excluded proper evidence and a stipulation offered by appellant, and improperly instructed the jury that the dam was a permanent structure and in case the jury found the issues for the appellee, the measure of damages was the fair cash market value of the land immediately before and after the erection of the dam.

The question of the proper measure of damages arising from the building of structures which result in injuriously affecting other property has been before the courts of review in this state many times. In some of the cases it is held that the recovery must be for the whole damage of which depreciation in the market value is the measure. This is the rule where there is no complaint of improper construction or operation, and the structure is of a permanent character. North Shore St. Ry. Co. v. Payne, 192 Ill. 239, and cases cited. An illustration of this rule would be a case where a viaduct, power house, railway or other permanent

structure although legally and properly constructed, was built for public use so near the property of another as to damage it. The constitutional right to compensation would arise, and the measure would be all damages past, present and future, because they were all sustained when the structure was established and its operation commenced.

In other cases it is held that each injurious act constitutes a new nuisance giving rise to a new cause of action. This is the rule where the injury is temporary in character and of a transient nature. An example of this would be a private structure causing a nuisance or tort such as constructing a roof so it would cast water upon the dwelling of another. The law does not regard such nuisance as permanent no matter with what intention it was built and damages can therefore be recovered only to the date of the action. Schlitz Brewing Co. v. Compton, 142 *id.* 511, and authorities cited.

In still other cases it is held if a structure is erected by legislative authority and damages result from negligent or improper construction, the party injured is not bound to assume the imperfect structure will be permanent and he may bring successive actions for resulting damages. North Shore St. Rwy. Co. v. Payne, *supra,* and cases cited.

An example of this would be where a railroad embankment was constructed by a railroad corporation in the lawful construction of its road in such negligent or improper manner that by reason of insufficient openings lands were flooded. The authorities seem to hold also in such case that the injured party may at his election either treat it as permanent and sue for all damages past, present and future or he may treat the negligently constructed structure as temporary and transient, assuming it will be removed and sue and recover for each recurring injury resulting from such negligent construction. Strange v. C. C. C. & St. L. Ry. Co., 245 *id.* 246; Same, 151 Ill. App. 478.

With these distinctions in mind we are of opinion that a dam constructed by a railroad company of earth and riprapped for the purpose of holding water in a stream which resulted in flooding the lands of another might in the absence of any testimony that it was not to be permanent properly be regarded a permanent structure and negligently constructed, and the injured party might elect to treat it as permanent and sue for all damages, past present and future, and it would be no error in such case to instruct the jury that this would be the measure of damages.

Appellant offered to prove by a witness Nolte, that it was then constructing and had practically completed a reservoir in that vicinity and that it intended within a very short time to abandon the dam in controversy and remove it. The court sustained an objection to the proposed testimony.

While the declaration did not charge the structure was permanent we think the averments describing the dam and its uses were sufficient to admit the evidence which tended to show it was permanent and appellee proceeded on that theory. Any evidence which tended to show it was not permanent was competent in mitigation of damages. The offered testimony of Nolte that appellant was then constructing another reservoir and intended to abandon the dam and remove it, tended at least to show the structure was not permanent and as the damages recovered were large and based upon an instruction that the dam was permanent, it was error to exclude it. Hart v. Wab. Southern Ry. Co., 143 Ill. App. 503; Strange v. C. C. C. & St. L. Ry. Co., *supra*.

It is not necessary to pass upon the propriety of the court's ruling in striking from the files a stipulation of appellant's counsel that the dam would be removed by March 1, 1911, as the judgment must be reversed and the cause remanded for error in excluding the evidence of Nolte.

*Reversed and remanded.*