## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Filmore Nuttall.

1. OBSTRUCTION OF WATERCOURSE—*By Railroads.*—Where a structure is imperfectly and improperly built, so as to prevent the free passage of the water and damage to a dominant heritage results, a judgment for the damage caused by the creation of the nuisance will not be a bar to any subsequent action for damages caused by its continuance in bad condition.

2. NUISANCES—*Continuing—Recoveries.*—The continuance of that which was originally a nuisance is regarded as a new nuisance, and although a recovery may be barred upon the original cause, an action on the case may be brought at any time before it is barred, to recover such damages as have accrued by reason of its continuance within the statutory period.

3. INSTRUCTIONS—*Invading the Province of the Jury.*—An instruction which invades the province of the jury is properly refused.

**Trespass on the Case.**—Obstruction of watercourse. Appeal from the Circuit Court of Crawford County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

C. S. CONGER, attorney for appellant.

BRADBURY & MACHATTON and PARKER, CROWLEY & BOGARD, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought against appellant to recover damages to appellee, caused by so constructing and maintaining the grade of appellant's road as to dam the water and cause it to back upon and overflow the land of plaintiff, to his injury and damage. Defendant filed a plea of not guilty, and a plea of the five years limitation. The jury found defendant guilty and assessed plaintiff's damages at one hundred dollars. Judgment was entered on the verdict and defendant took this appeal. Appellant was the successor of the Paris & Danville R. R. Co., which corporation constructed the road in 1878, and in July, 1889, appellant took possession of and operated the road. The right to recover was limited by the amended declaration to the acts of appellant during the time it had possession and control of the road, and within the period of five years preceding the commencement of the suit. The evidence justified the jury in finding that waters flowed onto appellee's land on the west of the railroad, and before the building of the road flowed off the land easterly, through a natural depression or drain; that the grade or road-bed, as constructed, dammed up this natural watercourse, obstructed the flow of water, and caused it to back onto and overflow appellee's land; that appellant on several occasions within the period of five years before this suit was commenced, and when water from the west washed out the grade, rebuilt it, as originally constructed, but somewhat higher, stopping up the natural watercourse, and causing the water to flow back and remain for some length of time on appellee's land, to his injury and damage. Upon some of these questions of fact the evidence was conflicting, but the jury, as they were empowered to do, settled the conflict in favor of plaintiff below, and were warranted in finding the facts to be as above stated. These facts established appellant's liability to appellee, for creating and maintaining a nuisance, the effect of which was to overflow and injure his land, and for this injury he had the right to recover.

It is urged, however, on behalf of appellant, that if its

predecessor, which built the road originally, constructed the road-bed in a proper manner, then the right to recover all special damages occasioned thereby to appellee's land, both present and prospective, would at once arise, and such right of recovery would continue for five years, and after that the statute of limitations could be successfully interposed to any subsequent action. This contention presents no new question, but one that has been discussed frequently, and the rule settled by repeated decisions of our Supreme Court. In the case of C. & M. R. R. Co. v. Wachter, 123 Ill. 440, this proposition was discussed : Is the injury caused by the construction of an insufficient culvert in a railroad embankment immediate and permanent, giving rise to but one cause of action? And the court say : This statement is not accurate as an abstract proposition; considered as a general proposition, it should at least be limited to a case of a railroad built under an authority of law, and in a reasonable, proper and skillful manner, so as to avoid an infliction of all loss and injury not necessarily resulting from this building and operating the road. The proposition as formulated assumes that a railroad company has a right to construct and operate its road just as it pleases, without regard to whether the method adopted is sanctioned by good railroading or not; that it may build indifferent culverts, or none at all, over drains and streams on the line of its road, and by thus disregarding the ordinary rules observed in such cases, inundate and overflow, in time of freshets, large bodies of land and other property, without incurring any other or different liability, except as to the extent of damages, than that of a company which, under like circumstances, has constructed its road-bed and culverts in strict conformity with the well-recognized and approved methods of railroad building. We do not concur in this view. And the court then holds that all such damages arising from not building a railroad in a proper and skillful manner are continuing damages, and may be sued for and recovered by a grantee of the premises against a railroad company or other person or company for continuing the improperly con-

structed structure after such grantee acquires title.    Where
a structure is imperfectly and improperly built, so as to pre-
vent the free passage of water, and damage to a dominant
heritage results, a judgment for the damages caused by the
creation of the nuisance will not be a bar to any subsequent
action for damages caused by its continuance in such bad
condition.    In such case the party injured is not bound to
assume that the imperfect structure will be a permanent
one, so a party injured thereby may maintain an action
against another for the creation of a nuisance, and a subse-
quent action for its continuance.    The continuance of that
which was originally a nuisance is regarded as a new nui-
sance, and although a recovery may be barred upon the
original cause, an action on the case may be brought at any
time before an action is barred, to recover such damages as
have accrued by reason of its continuance, within the statu-
tory period.    C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112.

It is an essential element of the doctrine contended for
by the appellant, that the structure is permanent in its
character, and that it is properly constructed.    Where the
construction is faulty and imperfect, the rule does not
apply.

The jury in the case at bar doubtless found, and we hold
the evidence justified the finding, that the original con-
struction of the appellant's road-bed was an obstruction to
the natural flow of water from the dominant heritage of
appellee.    If so, it was a nuisance and not properly con-
structed, and an action would lie at common law to recover
damages occasioned by such unlawful obstruction.    Its con-
tinuance in that condition by appellant was a continuing
nuisance, and damages resulting therefrom for each recur-
ring injury would be recoverable.

Complaint is made that the court refused to give an
instruction for appellant to the effect that in determining
the question as to whether the railroad was originally built
in a proper manner, the jury should be governed by the
preponderance of the evidence on that question, and if two
of defendant's witnesses have testified they have had expe-
rience in laying out and constructing railroads and that the

road was laid out and constructed in a proper manner, and no witness has contradicted this statement, then it is proved by a preponderance of the testimony. We apprehend if the testimony showed that in the original construction of the road-bed a natural watercourse was dammed up and a nuisance thereby created, the testimony of two or more witnesses to the effect it was properly constructed would not be true, and the fact would not be proved by a preponderance of the testimony, and such an instruction was misleading. We find, also, that the court gave six instructions on this question at defendant's request, quite favorable to defendant, and stating the law correctly, and in one instruction the jury are told : If a preponderance of the evidence is, " that the road was properly located and constructed, then the jury must find that the railroad was in fact properly located and constructed. The jury have no right to go outside of the evidence and indulge in conjectures and presumptions that the road was improperly constructed or maintained." This instruction is quite as strong as appellant could demand, and in fact rather misleading, to the prejudice of appellee. For the reasons mentioned and because the instruction refused invaded the province of the jury to determine the weight of the evidence, we think the refused instruction ought not to have been given. We find no reversible error in giving the third and fourth instructions for plaintiff, and no reason for reversing the judgment. Judgment is affirmed.