478        APPELLATE COURTS OF ILLINOIS.

Strange v. C. C. C. & St. L. Railway Co., 151 Ill. App. 478.

George W. Strange, Appellee, v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.

1. NUISANCES—*what permanent structure.* *Held,* that the railroad embankment in question in this case was to be regarded as a permanent structure.

2. NUISANCES—*what damages may be recovered in action for injury to real property arising from construction of permanent nuisances.* Even though no physical disturbance of the plaintiff's soil has resulted from the erection of a railroad embankment, yet if such embankment is so constructed as to constitute a nuisance and to be permanent in character, the plaintiff is entitled to maintain an action in which he may recover past, present and future damages.

Action on the case. Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

JAMES VAUSE, JR., for appellant; L. J. HACKNEY, CONGER & CONGER and CALLAHAN, JONES & LOWE, of counsel.

P. G. BRADBURY and PARKER & CROWLEY, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The pleadings upon which this cause was tried consisted of a declaration of three counts to which there was a plea of the general issue.

In the first count of the declaration it was averred that appellee was the owner and in possession of a tract of eighty acres of land except one hundred feet off the west side possessed by the appellant in connection with a certain other one hundred feet adjoining; that appellant wrongfully, unlawfully and permanently erected and built, maintained and continued a permanent levee, embankment or railroad grade through the

center of its said real estate of great dimensions in height and width without sufficient openings therein to permit the free passage of water that accumulated on the said lands of appellee and by reason thereof the flow of large quantities of rainwater which naturally flowed upon, over and across the premises of the appellee was obstructed and diverted from its natural course and ran and flowed in a different direction over and upon the land of appellee where it remained, whereby said land was permanently damaged.

The material averments of the second count are in substance the same, except it is alleged in the second count that such permanent structure was built without sufficient openings to permit the free passage of the water of a large creek running through the land of appellee on and across the land possessed by appellant whereby appellee's land was overflowed with great quantities of water.

The material averments of the third count are substantially like the second.

A trial by jury resulted in a verdict in favor of appellee for the sum of nine hundred and seventy dollars upon which, after overruling appellant's motion for a new trial, there was a judgment.

There was no conflict in the evidence. It shows that appellant in the construction of its railway along the lands of appellee, failed to so construct sufficient openings in its bridges and culverts as to permit the natural flow of the water off the lands, and as a result of such insufficient openings, large quantities of water from rainfall and a creek that flowed through the lands, were accumulated and caused to overflow the lands described. The evidence showed the lands to have been worth sixty dollars per acre before the railroad was constructed and twenty-five dollars per acre afterwards.

Appellant's evidence was confined to proof that there were no engineering difficulties in the way of

480    APPELLATE COURTS OF ILLINOIS.

Strange v. C. C. C. & St. L. Railway Co., 151 Ill. App. 478.

enlarging such openings or building additional ones wherever it might become necessary.

The trial court admitted evidence to show all damages past, present and future, which had resulted and would result to appellee's land from the alleged wrongful erection and maintenance of appellant's embankment and also admitted evidence as to the difference in the fair cash market value of the lands of the plaintiff described in the declaration before and after the embankment was made by appellant. This evidence was all admitted over the objection of appellant and at the close of the evidence introduced by appellee, and again at the close of all the evidence, appellant asked the court to instruct the jury to find the appellant not guilty, and also at the conclusion of all the evidence, moved the court to exclude all the evidence as to the difference in the fair cash market value of the lands described before and after the embankment was made. The court refused to give such instruction and refused to allow such motion and thereupon gave to the jury an instruction on behalf of appellee telling the jury if they believed from the evidence appellee was the owner of the land described in the declaration and it had been permanently injured and damaged by the defendant, as alleged in the declaration, and appellee had been damaged thereby, then the jury should find the defendant guilty and assess appellee's damages at such amount if any as he had sustained.

Appellant excepted to the action of the court in admitting such testimony and in the giving of such instruction and it is assigned as error.

It is also urged by appellant that the court committed error in refusing proper instructions asked by appellant and in refusing to permit it to give proper and legal evidence to the jury, but as appellant's counsel say that the numerous questions raised by the assignments of error on the record depend for their solution upon the single question whether a party in an action like this against a railroad company under the evidence

disclosed can recover past, present and future damages
to real property without alleging and proving some
physical disturbance of the soil, and as counsel on both
sides have confined their arguments in this court ex-
clusively to this question, and as its determination will
dispose of the alleged error in refusing the instructions
asked by appellant and in refusing to admit the evi-
dence offered, we have not deemed it necessary to dis-
pose of such alleged errors in detail; but content our-
selves with setting forth such rulings of the court as
fully present the question submitted.

The contention of appellant is that under the plead-
ings and evidence appellee can only recover damages
to the date of bringing suit.

It will be observed the declaration charges that ap-
pellant wrongfully, unlawfully and permanently built
the structure which resulted in overflowing appellee's
lands. The evidence shows the structure to be a rail-
road embankment with tracks thereon and in operation
and the openings constructed of concrete. We are of
opinion this evidence amply establishes the averments
of the declaration that the structure was a permanent
one. It is true it might be removed, or the openings,
shown to be too narrow to permit the free and full flow
of the water, might be enlarged. Any structure erected
by human hands might be removed or changed but this
does not in our opinion affect its character as a per-
manent structure. Its character must be determined
from what the evidence shows it to be now. Expe-
rience and observation show there is no building or
structure of more enduring permanency than a rail-
road track.

In considering this question the courts have ex-
pressed the opinion that such structures were perma-
nent.

"It cannot be doubted that the roadbed, embank-
ments, trenches, bridges, culverts and other appurte-
nances of a railroad constructed and maintained in

482    Appellate Courts of Illinois.

Strange v. C. C. C. & St. L. Railway Co., 151 Ill. App. 478.

pursuance of lawful authority are to be regarded in law as permanent structures. This is not so because it is certain they will in fact continue to subsist in their present condition forever or that they are not liable to be changed in many respects by the proprietors of the railroad whenever they may see fit or by natural causes, but it is so because the railroad company has a legal right to maintain them perpetually and because no other party has or can have the lawful right to interfere with or change them in any respect. It is for this reason that when a railroad company lawfully appropriates land for the construction of its road, such appropriation is a permanent one and in case other property is damaged by its construction or maintenance such damage is in its nature equally permanent. It is therefore held that where deterioration of the value of land is occasioned by a nuisance created by the construction of a railroad, such nuisance is a permanent one, so that all damages for past, present and future injury to the property may be recovered in one suit and such recovery is a bar to all future actions therefor." K. & S. R. R. Co. et al. v. Horan, 131 Ill. 288; C. & E. I. R. R. Co. v. Loeb, 118 id. 203.

While there is no infallible test by which it can be determined whether a structure is permanent or not inasmuch as nothing is absolutely permanent, and while the decisions of courts have not been uniform upon this question, we believe that by the weight of authority they have been so regarded.

It is the contention of appellant that the structure without sufficient openings having been built in violation of the statute and it being shown by the testimony of competent engineers that it was a nuisance that could be abated, it is not permanent and it would be a harsh rule to permit both past and future damages to be recovered and the fifth section of the railroad and warehouse act is cited. That section after authorizing railroad companies to construct tracks, has the following proviso: "Provided, that in no case shall any

railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof.''

This proviso is declaratory of a common law duty which already existed, that of so using your own as not to injure another. Before the statute, a railroad constructing its road without necessary culverts or sluices would be held to respond in damages for any injuries thereby occasioned, and even if it might be compelled by mandamus to obey the statute, such remedy would in no wise change its obligations or its liability in a suit at law for such injuries.

The many cases cited and others which might be cited upon the question of the permanency of structures and the right to recover past and future damages for their wrongful construction resulting in injury, seem to be out of harmony. But to use an expression of counsel for appellant, we think the conflict is more apparent than real.

In some cases the structures were not railways and were held not to be permanent and damages were held to be recoverable to the bringing of the action. Such cases are no authority here.

The case of C. C. C. & St. L. Ry. Co. v. Nuttall, 59 Ill. App. 639, was one where plaintiff sued for a continuing nuisance and the statute of limitations was interposed and the right to recover for damming water and causing it to overflow the land of plaintiff was limited to a period within five years prior to the commencement of the suit. In that case the road was improperly constructed and the court held it a continuing nuisance for which damages resulting from each recurring injury were recoverable. And in support of such holding, cites the case of C. B. & Q. R. R. Company v. Schaffer, 124 Ill. 112, where a judgment for damages up to the bringing of the suit was sustained and it was held that where a railroad company properly constructs a bridge over a watercourse, and suit is brought by a

landowner for damages thereby caused to his property and a judgment recovered and paid, this will be regarded as in full for all damages future and past and a bar to a second suit for subsequent damages, but where the bridge is improperly built, the party injured is not bound to assume that the imperfect structure will be permanent and he may treat it as a continuing nuisance and may sue for the amount of such injury as he suffers from its continuance.

It is further held that if the landowner treats a defective structure, as a railroad bridge, which caused his lands to be overflowed, as a permanent source of injury, and recovers the full amount of damages both present and prospective which his property sustains or may sustain from such injury by such structure, he will be estopped from bringing a second action for subsequent damages.

The case of C. M. & St. P. Ry. Co. v. Carpenter, 125 Ill. App. 306, cited by counsel for appellant, was a recovery for all damages past and future for an improperly constructed culvert and it was conceded by counsel that the measure of damages if any was the difference in the value of the land before and after the railroad was constructed and a judgment against the company was affirmed.

Atterbury v. C. I. & St. L. S. L. Ry. Co., 134 Ill. App. 330, also cited, is a case in which it is held that where the owner of land has sold the right of way to a railway company, no right of action exists for the construction and operation of the road unless it is negligent and in such case the remedy is in successive recoveries until the company properly constructs and operates its road.

To the same effect is O. & M. Ry. v. Wachter, 123 Ill. 440, and O. & M. Ry. v. Thillman, 143 *id.* 127.

The case of C. P. & St. L. Ry. v. Reuter, 223 Ill. 387, was one where damages were claimed and recovered for the destruction of crops and it was held on affirming the judgment that each overflow of the crops by

the improper construction of a railroad embankment is a fresh nuisance and creates a new cause of action. In this case there was evidence that the railway company did not build the embankment causing the injury but acquired it afterwards; but it was held that it was liable in such action for continuing it.

It is held also in the following cases that where the injury is occasioned by the erection of permanent structures all damages past, present and future may be recovered:    City of Centralia v. Wright, 156 Ill. 561; Schlitz Brewing Co. v. Compton, 142 id. 511; Chicago & Eastern Illinois R. R. Co. v. McAuley, 121 id. 160.

"When a structure is in its nature permanent, it seems that one damaged thereby may elect to treat it as permanent in law though he might abate it as a nuisance and may sue for and recover damages present and prospective.  If he does so recover he is to be regarded as having consented to its continuation and he and others holding through or under him are denied the right of further suit for the recovery of damages." Baker v. Leka, 48 Ill. App. 353.

The authorities cited appear to be in some conflict but we are of opinion that the rule to be deduced from them is, that where the owner of land has not been compensated under the law of eminent domain or by a conveyance of the right of way to a railway company, and there is negligence in the construction of its road whereby his land is overflowed, he may either elect to treat the injury as a continuing nuisance assuming it will be abated, and sue for each successive injury, or he may treat the structure as permanent and sue for and recover in one action all damages past, present and future after which he will be estopped from claiming any further damages.

There is no evidence in the record of any conveyance by the owner of the land to appellant for right of way nor of any proceeding under the law of eminent domain to assess damages to the owner, and

having elected to treat the structure as permanent and having so declared in his declaration, there was no error in the ruling of the court in the admissibility of evidence or in the instructions, and the judgment is affirmed.

*Affirmed.*