## Charles Reuter, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. DAMAGES—*for overflowing land.* Where an embankment constructed by defendant railway causes the overflowing of plaintiff's lands, the measures of damages is the fair cash rental value during the time plaintiff is deprived of their use, within the period for which he is entitled to recover.

2. DAMAGES—*when not excessive.* Where eighty acres of plaintiff's land was damaged by overflowing for three years caused by defendant's embankment, a judgment for $1,100 is held not excessive.

Reuter v. Baltimore & O. S. W. R. Co., 179 Ill. App. 570.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913.

KRAMER, KRAMER & CAMPBELL, for appellant; EDWARD BARTON, of counsel.

LOUIS KLINGEL and LOUIS P. ZERWECK, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action brought by Charles Reuter, appellee, against the Baltimore & Ohio Southwestern Railroad Company, to recover damages to certain lands of appellee, situated in St. Clair county, Illinois, alleged to have been occasioned by the railroad embankment of appellant, built along its right of way. There were pleas of the general issue and statute of limitations. A jury was waived and the case tried by the court. The issues were found in favor of appellee and his damages assessed at $1,100.

Appellant contends that the proofs fail to show the overflow was caused by the embankment, and that the amount awarded was in excess of the damages complained of and that the cause of action was barred by the statute of limitations.

The proofs disclose that Silver creek, a natural stream in said county, flows in a southerly direction through what is known as the Silver creek bottom, which is a strip of low land about 1,800 feet wide, where appellant's railroad embankment and track crosses the same. Appellee owns some 80 acres of land lying in the bottom, a little over two miles north of appellant's track. All the land but a few acres lies west of the creek and the bottom is there wider than at appellant's crossing. There are several roads crossing the bottom between appellee's land and appellant's track. About a mile and a quarter south of

appellee's land is a public road, known as the College road. No embankment however, has been thrown up for this road so that it is about on a level with the adjoining land. South of this is the right of way of an electric railway which uses an embankment upon which was formerly the main track of appellant and extends across the bottoms from bluff to bluff. Through this embankment were two openings, one 437 feet wide, where the creek ran and one 165 feet wide near the west bluff. A few hundred feet further south was a public road known as the Lebanon and Vincennes road which was also formed by an embankment, extending from bluff to bluff; through which there were four openings, one at the creek 129 feet wide, another on the west side 178 feet wide and two smaller ones between, the west one being about opposite the west opening in the embankment on the right of way of the electric line, north of it. A short distance further south is the embankment along the right of way of appellant, which was built in 1901. This embankment is 25 feet high and has only one opening, which is at Silver creek, a distance of some 500 feet from the east bluff and is 403 feet wide. Appellee's position is, and it was sustained by the proofs, that there was a slough or depression along the west bluff considerably lower than his land lying between it and the creek; that when the water was high, the slough carried a large amount of it and thereby readily drained his land and left it fit for cultivation; that the opening at the west ends of the other embankments permitted the water in the slough to pass through, but that the embankment of appellant, by reason of the fact that it had no opening on the west side of the bottoms, held the water in the slough and caused it to back up upon appellee's land and remain there longer than it did before, thereby rendering it unfit for cultivation.

Appellant, however, insisted that, at most, the embankment only raised the water from a foot and a

half to two feet on the north side of it, and that it was too remote from appellee's land to affect it; also that said land was wet, soggy and of little use for cultivation before the embankment was constructed.

That appellee has a right to recover in this case, is fully determined by opinions filed by this court in the cases of Bernhardt v. Baltimore & Ohio S. W. R. Co., 165 Ill. App. 408, and Horner v. Baltimore & O. S. W. R. Co., 165 Ill. App. 370. These suits were brought against this appellant by persons owning lands located in the same locality, as those involved in this suit, to recover damages caused by the overflowing of their lands, as a result of the construction of appellee's embankment above referred to in 1901. By the opinions referred to all the questions involved here, affecting the right of appellee to recover in this suit, are settled in his favor, leaving only the question of the amount of his damages to be reviewed by us. It was determined in the cases referred to that the measure of damages was the fair cash rental value of the lands during the time the owners had been deprived of their use within the period for which they were entitled to recover. Appellee by this suit sought to recover damages only for the years 1907, 1908 and 1909. The proof was that the fair yearly rental value of the land, prior to the building of appellant's railroad embankment, was from $4 to $6 an acre and that since then it would average only about 25 cents an acre. Under this proof we cannot hold that the judgment awarded appellee of $1,100 for his damages for the three years named, was so excessive as to call for a reversal of the case on that account.

The judgment of the court below will be affirmed.

*Affirmed.*